IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARY J. ROSS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-1345-L |
| | § | |
| JUDGE ERNEST WHITE | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Mary J. Ross, an inmate in the Dallas County Jail,[1] against a state district judge. On July 15, 2009, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories were also sent to plaintiff in order to obtain additional information about the factual basis of her suit. Plaintiff answered the interrogatories on September 25, 2009. The court now determines that this case should be summarily dismissed as frivolous.

---

[1] Plaintiff filed this action before her most recent incarceration.

II.

Plaintiff is currently incarcerated in the Dallas County Jail awaiting trial on two charges of aggravated assault with a deadly weapon and two charges of reckless driving. As best the court can decipher her pleadings, plaintiff appears to allege that the judge assigned to preside over these cases, Judge Ernest White, violated her constitutional rights by: (1) revoking her bond for refusing to submit to a competency exam, (2) sharing falsified medical records with court personnel, and (3) subjecting her to double jeopardy. (*See* Mag. J. Interrog. #1 & 2). By this suit, plaintiff seeks $100,000 in damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

  (1) is frivolous or malicious;

  (2) fails to state a claim on which relief may be granted; or

  (3) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495

F.3d 191, 205 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

Plaintiff has failed to state a cognizable federal civil rights claim against Judge Ernest White. Judges have absolute immunity for actions taken within the scope of their jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978). Because Judge White was acting within the scope of his authority in requiring plaintiff to submit to a competency exam, sharing plaintiff's medical records with court personnel, and making other rulings related to plaintiff's criminal cases, he is entitled to absolute judicial immunity.[2]

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

---

[2] To the extent plaintiff challenges her pretrial incarceration, her complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2241. *See Yoes v. Anderson*, No. 4-02-CV-0870-Y, 2002 WL 31627976 at *2 (N.D. Tex. Nov. 19, 2002) (citing cases). However, a search of Dallas County records reveals that plaintiff has never filed a state writ of habeas corpus in any of her pending cases. Unless and until plaintiff exhausts her available state remedies, she may not seek federal habeas relief. *See Hamilton v. Dretke*, No. 3-04-CV-2465-L, 2005 WL 38977 at *1 (N.D. Tex. Jan. 6, 2005), *rec. adopted*, 2005 WL 256472 (N.D. Tex. Jan. 31, 2005) (pretrial detainee must present claims to Texas Court of Criminal Appeals before seeking habeas relief in federal court).

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 30, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE